**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**TAURIAN ANDERSON,**<br><br>**Defendant.** | **Case No. 24-cr-486 (BAH)** |

FILED
AUG 17 2026
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**GOVERNMENT'S STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

## I. Summary of Plea Agreement

The defendant, Taurian Anderson, agrees to admit guilt and enter a plea of guilty to Counts 1, 4, 9, and 22 of the Second Superseding Indictment. Count 1 charges him with Conspiracy to Commit Carjacking in violation of 18 U.S.C. §§ 371, 2119. Count 4 charges him with Carjacking and Aiding and Abetting in violation of 18 U.S.C. §§ 2119 and 2. Count 9 charges him with Using, Carrying, Possessing, and Brandishing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. Count 22 charges him with Using, Carrying, Possessing, and Brandishing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2.

## II. Elements of the Offenses

The elements of Count 1 (Conspiracy to Commit Carjacking), each of which the Government must prove beyond a reasonable doubt, are:

1. An agreement existed between two or more persons to commit the crimes of carjacking;

2. The defendant intentionally joined that agreement; and

3. The defendant knew the purpose of the agreement was to commit carjacking.

The elements of Count 4 (Carjacking and Aiding and Abetting), in violation of 18 U.S.C. §§ 2119 and 2, each of which the Government must prove beyond a reasonable doubt, are that:

Aiding and Abetting in violation of 18 U.S.C. § 2:

1. The defendant knowingly associated themselves with the commission of the crime, here, carjacking in violation of 18 U.S.C. § 2119;
2. The defendant participated in the crime as something they wished to bring about; and
3. The defendant intended by their actions to make it succeed.

Carjacking, in violation of 18 U.S.C. § 2119:

1. The defendant intentionally took from the victim a motor vehicle;
2. That motor vehicle had been transported in interstate or foreign commerce;
3. The defendant did so by means of force, violence, or intimidation; and
4. The defendant intended to cause death or serious bodily harm.

The elements of Counts 9 and 22 (Using, Carrying, and Brandishing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2, each of which the Government must prove beyond a reasonable doubt, are:

Aiding and Abetting in violation of 18 U.S.C. § 2:

1. The defendant knowingly associated themselves with the commission of the crime, here, Using, Carrying, and Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii);

2. The defendant participated in the crime as something they wished to bring about; and

3. The Defendant intended by their actions to make it succeed.

Using, Carrying, and Brandishing a Firearm in Furtherance of a Crime of Violence

1. The defendant committed the crime of Carjacking, in violation of 18 U.S.C. § 2119; and

2. The defendant knowingly used, carried, and brandished a firearm during and in relation to his commission of the crime of carjacking.

## III. Penalties for the Offenses

The penalties for Conspiracy to Commit Carjacking, in violation of 18 U.S.C. §§ 371 and 2119, are:

1. A term of imprisonment of not more than five years;
2. A fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;
3. A term of supervised release of not more than three years; and
4. A special assessment of $100.

The penalties for Carjacking and Aiding and Abetting, in violation of 18 U.S.C. § 2119 and 2 are:

1. A term of imprisonment of not more than fifteen years;
2. A fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;
3. A term of supervised release of not more than three years; and
4. A special assessment of $100.

The penalties for Using, Carrying, Possessing, and Brandishing a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 are:

1. A term of imprisonment of no less than seven years and not more than life;
2. A fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;
3. A term of supervised release of not more than five years; and
4. A special assessment of $100.

United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

## III. Factual Proffer

Had this case gone to trial, the Government's evidence would have proven the following:

From August 2024 through October 2024, **TAURIAN ANDERSON** and others conspired to commit a series of armed carjackings. It was the goal of the conspiracy that the conspirators would acquire vehicles from the District of Columbia, Maryland, and Virginia, by way of carjacking, to then use for the commission of other criminal offenses and to sell to third parties in the District of Columbia and elsewhere for profit.

### August 9, 2024

On August 9, 2024, at approximately 12:11 a.m., **TAURIAN ANDERSON** approached A.K.'s vehicle while A.K. was delivering a DoorDash order at 4200 East Capitol St NE, Washington, D.C. As **TAURIAN ANDERSON** approached A.K., **TAURIAN ANDERSON** brandished a handgun, and ordered A.K. out of their vehicle, a Hyundai Elantra. In fear for their life, A.K. complied. **TAURIAN ANDERSON** then entered A.K.'s vehicle and fled the area. At

the time **TAURIAN ANDERSON** carjacked A.K.'s Hyundai Elantra, A.K.'s phone, passport, and debit card were inside of the vehicle.

On August 9, 2024, at approximately 3:31 a.m., **TAURIAN ANDERSON** and his co-conspirator approached H.K., who was waiting in a Toyota Corolla to pick up a passenger in the 4200 block of Dupont Terrace SE, Washington, D.C. **TAURIAN ANDERSON** and his co-conspirator approached the driver's side door of H.K.'s vehicle, pointed firearms at H.K., and told H.K. to leave everything and exit the car. In fear for their life, H.K. complied. One of the co-conspirators got into the driver's seat of H.K.'s car and drove off with the vehicle.

**September 7, 2024**

On September 7, 2024, at approximately 1:26 a.m., **TAURIAN ANDERSON** and his co-conspirator traveled from the District of Columbia to Silver Spring, Maryland. R.M. was parking their vehicle, a Honda Civic, in the 8000 block of Eastern Avenue, Silver Spring, Maryland, when **TAURIAN ANDERSON** and his co-conspirator parked in front of R.M.'s vehicle in a stolen red Toyota Corolla, blocking R.M.'s vehicle in. When R.M. exited their vehicle, **TAURIAN ANDERSON** and his co-conspirator exited the Toyota Corolla. One of the conspirators pointed a firearm at R.M. and demanded that R.M. "get on the ground." While R.M. was lying on the ground, **TAURIAN ANDERSON** and his co-conspirator went through R.M.'s pockets, taking the keys to R.M.'s vehicle and house, R.M.'s iPhone, and R.M.'s wallet. As one of the conspirators got into R.M.'s Honda Civic, R.M., a professional musician, pleaded with **TAURIAN ANDERSON** and his co-conspirator to let R.M. get their saxophone out of the car. **TAURIAN ANDERSON** and his co-conspirator refused to do so. Before one of the conspirators could drive away in R.M.'s vehicle, R.M. got up, went around the back of his car to the rear passenger door,

and tried to get his saxophone out of the back seat. As R.M. was grabbing his saxophone, one of the conspirators began to drive away in R.M.'s car and dragged R.M. approximately five feet down the road before R.M. let go of the saxophone. R.M. suffered abrasions on both arms from being dragged. One of the conspirators fled the area in R.M.'s vehicle and the other fled the area in the stolen Toyota Corolla. Following, the carjacking, **TAURIAN ANDERSON** and his co-conspirator drove the carjacked vehicle back to the District of Columbia.

On September 7, 2024, at approximately 2:40 a.m., C.T. had just parked their vehicle in the 6700 block of New Hampshire Avenue, Hyattsville, Maryland, when **TAURIAN ANDERSON** and his co-conspirator approached C.T. in R.M.'s Honda Civic. **TAURIAN ANDERSON** and his co-conspirator exited the Honda Civic and approached C.T. on foot. One of the conspirators pointed a firearm at C.T. and demanded C.T.'s property while the other conspirator punched C.T. twice. In fear for their life, C.T. gave up their property including an iPhone, two laptops, credit cards, house keys, and the keys to C.T.'s vehicle. One of the conspirators fled the area in C.T.'s vehicle and the other conspirator fled the area in R.M.'s Honda Civic. Following, the carjacking, **TAURIAN ANDERSON** and his co-conspirator drove the carjacked vehicle back to the District of Columbia. After carjacking C.T.'s Toyota Prius, **TAURIAN ANDERSON** had a text exchange with an unidentified individual in which **TAURIAN ANDERSON** offered to sell the Toyota Prius and two other vehicles.

**<u>October 3, 2024 — October 4, 2024</u>**

On October 3, 2024, at approximately 2:20 a.m., **TAURIAN ANDERSON** and his co-conspirator carjacked A.C. A.C. was pumping gas at the Royal Farms gas station located at 3700 Donnell Drive, District Heights, Maryland, when **TAURIAN ANDERSON** and his co-conspirator

approached A.C. One of the conspirators pointed a firearm at A.C. and demanded A.C.'s car keys. In fear for his life, A.C. complied. One of the conspirators then fled the area in A.C.'s Mercedes while the other conspirator fled the area in a black sedan with a temporary license plate. Following the carjacking, **TAURIAN ANDERSON** and his co-conspirator drove A.C.'s Mercedes back to the District of Columbia. **TAURIAN ANDERSON** and his co-conspirators used A.C.'s Mercedes to commit a series of carjackings the following day, on October 4, 2024.

On October 4, 2024, at approximately 12:15 a.m., **TAURIAN ANDERSON** and his co-conspirators traveled to 3556B South Jefferson Street, Falls Church, Virginia. A.T. was sitting in their parked Dodge Charger at that location when one of the conspirators walked up to the driver's door of A.T.'s vehicle and tried to open the door. The conspirator was unable to open the door because it was locked. The conspirator then tapped on the glass of the driver's door with a firearm, at which point A.T. put their vehicle in drive and fled the area.

On October 4, 2024, at approximately 12:35 a.m., **TAURIAN ANDERSON** and his co-conspirators traveled to 5701 Columbia Pike, Falls Church, Virginia, in A.C.'s Mercedes. G.S. and three other individuals were standing outside of the Apple Federal Credit Union at that location, when **TAURIAN ANDERSON** and his co-conspirators approached them. **TAURIAN ANDERSON** and one of his co-conspirators, both of whom were armed, exited the Mercedes and held G.S. and three other individuals at gunpoint. **TAURIAN ANDERSON** and his co-conspirators demanded that the G.S. and the three other individuals get on the ground and empty their pockets. **TAURIAN ANDERSON** and his co-conspirator searched G.S. and the three other individuals, taking their phones and the keys to G.S.'s Toyota Prius. **TAURIAN ANDERSON** returned to A.C.'s Mercedes and two of his co-conspirators took G.S.'s Toyota Prius. **TAURIAN**

**ANDERSON** and his co-conspirators fled the area in G.S.'s Toyota Prius and A.C.'s Mercedes and returned to the District of Columbia.

On October 4, 2024, at approximately 1:20 a.m., **TAURIAN ANDERSON** and a co-conspirator approached J.A. at the BP gas station at 5207 Nannie Helen Burroughs Avenue, Northeast, Washington, D.C., as J.A. returned to his vehicle. As J.A. attempted to open the driver's door to his car, **TAURIAN ANDERSON** and a co-conspirator rushed towards him and demanded the keys to his vehicle along with whatever else he had on his person. **TAURIAN ANDERSON** pointed a handgun at J.A.'s face, took an item from J.A.'s pockets, and entered J.A.'s Infiniti. **TAURIAN ANDERSON** exited the vehicle, checked J.A.'s pockets and waistband, and took J.A.'s phone out of his hand.

The co-conspirator entered the driver's seat of J.A.'s Infiniti before exiting the vehicle again. **TAURIAN ANDERSON** entered the driver's seat of J.A.'s Infiniti and started to drive away from the gas station. The co-conspirator entered the driver's seat of a nearby Mercedes-Benz and drove away in the same direction as the Infiniti.

At approximately 4:03 p.m., a Metropolitan Police Department ("MPD") helicopter located the carjacked Infiniti. As the MPD helicopter followed the carjacked Infiniti, the vehicle drove recklessly from the Sixth District to the Fifth District to the First District. The carjacked Infiniti was involved in a traffic collision at Independence Avenue Southeast and East Capitol Street but fled the scene, continuing to drive recklessly until it was in the area around RFK stadium, where it became stuck in heavy traffic.

**TAURIAN ANDERSON** exited the driver's door of the Infiniti, his co-conspirator exited the front passenger door, and they both ran from the stopped vehicle. U.S. Capitol Police officers

pursued the co-conspirator and detained the co-conspirator on a nearby recreational field. **TAURIAN ANDERSON**, while still in possession of a handgun, continued to flee on foot, and ran under the Whitney Young Memorial Bridge. A U.S. Capitol Police officer pursued **TAURIAN ANDERSON** on foot, who ran into the Anacostia River, and placed the handgun to his head. Officers got into a tactical position, and a barricade was declared. Members of MPD's Emergency Response Team and MPD negotiators responded to the scene. Around 6:42 p.m., **TAURIAN ANDERSON** dropped the handgun into the river, surrendered to officers on the scene, and was placed under arrest.

The carjacked vehicles, the firearm, and any ammunition referenced above were manufactured outside of Washington, D.C. Therefore, the vehicles, firearm, and the ammunition involved in these offenses were transported, shipped, or received in interstate or foreign commerce.

The following statement of facts does not purport to include all the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Benjamin Helfand*
Benjamin Helfand
D.C. Bar No. 1658708
Assistant United States Attorney
United States Attorney's Office
601 D Street, NW
Washington, DC 20530

**DEFENDANT'S ACKNOWLEDGMENT**

I have read the Statement of Offense setting forth the facts related to my guilty plea to Counts 1, 4, 9, and 22 of the Second Superseding Indictment, filed on February 11, 2026, at ECF No. 89, charging me with Conspiracy to Commit Carjacking in violation of 18 U.S.C. § 371, 2119, Carjacking and Aiding and Abetting, in violation of 18 U.S.C. § 2119 and 2, and Brandishing of a Firearm During a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2. I have discussed this proffer fully with my attorney, Mary Petras. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 8/14/26

Taurian Anderson
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 8/14/2026

Mary Petras, Esq.
Attorney for Defendant